# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 1 C 4959 | **DATE** | 4/29/2003 |
| **CASE TITLE** | Mottio Paschal vs. United States of America | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the following reasons, the petitioner's motion for an extension of time to file his petition to vacate, set-aside or correct his sentence pursuant to 28 U.S.C. Section 2255 is [2-1] denied. Accordingly, the government's motion to dismiss Counts I through III of the petition is [4-1] granted. Count IV of the Section 2255 petition is denied based on the principles of waiver. This case is terminated. This is a final and appealable order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 01 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 10 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOTTIO PASCHAL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 01 C 4959 |
| | ) |
| UNITED STATES OF AMERICA, | ) Wayne R. Andersen |
| | ) District Judge |
| Respondent. | ) |

**DOCKETED**
**MAY 0 1 2003**

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on petitioner Mottio Paschal's motion for an extension of time to file his petition to vacate, set-aside or correct his sentence pursuant to 28 U.S.C. § 2255 and the United States' motion to dismiss Paschal's habeas petition. For the following reasons, the motion for an extension of time is denied and the petitioner's Section 2255 petition is denied.

### BACKGROUND

On December 2, 1998, the petitioner, Mottio Paschal, and his brother, Leo Paschal, were arrested by officers of the Niles Police Department following an alleged bank robbery and subsequent vehicular pursuit. On December 3, 1998, a one-count criminal complaint was filed in this Court charging the petitioner and Leo Paschal with bank robbery in violation of 18 U.S.C. § 2113(a). On February 11, 1999, a one-count indictment was filed. On February 19, 1999, the defendant was arraigned before Magistrate Judge Arlander Keys and he entered a plea of not guilty to the charges presented in the indictment. On July 28, 1999, Paschal pled guilty, pursuant to a written plea agreement, to one count of bank robbery in violation of 18 U.S.C. § 2113(a). We sentenced Paschal to 120 months imprisonment on March 20, 2000. The petitioner chose not to pursue a direct appeal of his sentence.

10

On March 9, 2001, almost one year after he was sentenced, this Court received a handwritten letter from Paschal in which he requested an extension of time to file his petition for habeas corpus relief pursuant to 28 U.S.C. § 2255. In this letter, Paschal advised us that he was "currently on writ in state court and cannot finish proceedings until I am returned to federal custody." The Clerk of the Court docketed Paschal's letter as a motion for "an extension of time to file his 2255 habeas corpus case."

On May 31, 2001, over one year after he was sentenced, Paschal filed a typewritten "motion for leave for extension of time to file 28 U.S.C. § 2255 motion to vacate, set-aside or vacate [sic] sentence." In this motion, Paschal again stated that, on November 8, 2000, he was summoned to state court on a writ and that he had been unable "to obtain the materials needed to complete the motion that was started prior to being called out on the writ."

On June 27, 2001, Paschal finally filed his Section 2255 habeas corpus petition. In that petition, he raised the following four claims: 1) the Court and the government violated his written plea agreement when he was sentenced to a term of imprisonment in excess of that stated in the agreement; 2) obstruction of justice; 3) ineffective assistance of trial counsel; and 4) the Court lacked subject matter jurisdiction to sentence the petitioner on the charge of bank robbery. After the Section 2255 petition was filed, the government filed the instant motion to dismiss arguing that the petition was not filed within the one year statute of limitations contained in Section 2255 of the Antiterrorism and Effective Death Penalty Act of 1996.

## DISCUSSION

Collateral relief under 28 U.S.C. § 2255, the federal version of habeas corpus, is available only in limited circumstances. The statute provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Such relief is therefore limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)).

In order for a petitioner to obtain Section 2255 collateral relief, he must file his petition within one year from the latest of four specified events: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or the laws of the United States is removed, if movant was prevented from making a motion by such governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255. Although the statute itself does not define the term "final," for purposes of this case, we feel confident that the petitioner's conviction was finalized after the ten day period to appeal expired following his

sentencing hearing. *See* Fed.R.App.P. 4(b)(1)(A)(i). That means that the petitioner's conviction became final as of April 4, 2000. Accordingly, the one year statute of limitations for the filing of Paschal's habeas petition expired on April 4, 2001.

Obviously mindful of this deadline, Paschal filed both his handwritten and typewritten motions for an extension of time in which to file his Section 2255 petition. While the Seventh Circuit has not yet addressed the issue, the weight of the authority around the country is that a district court does not have the authority to extend the deadline for filing a Section 2255 petition except for those instances which Congress expressly authorized. *See Reed v. United States*, 2001 WL 700811, at *2 (6th Cir. June 15, 2001) (unpublished opinion); *Washington v. United States*, 221 F.3d 1354, 2000 WL 985885, at *1-2 (10th Cir. July 18, 2000) (unpublished opinion); *United States v. Leon*, 203 F.3d 162, 163-64 (2d Cir. 2000); *United States v. Duffus*, 174 F.3d 333, 337-38 (3d Cir. 1999); *United States v. Ailsworth*, 1999 WL 1021073, at *2 (D. Kan. Sep. 29, 1999); *In re Application of Wattanasiri*, 982 F. Supp. 955, 957-58 (S.D.N.Y. 1997). We agree with these courts and hold that we do not have jurisdiction to entertain Paschal's request for an extension of time in which to file his Section 2255 petition. Therefore, the petitioner's motion for an extension of time to file his Section 2255 petition is denied.

However, that does not end the inquiry. While granting a motion for an extension of time is outside our power, the Seventh Circuit has stated in dicta that Section 2255's "period of limitation is not jurisdictional but is instead a procedural statute of limitations subject to equitable tolling." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (citing *Taliani v. Chrans*, 189 F.3d 597 (7th Cir. 1999)). This means that we can still consider Paschal's late Section 2255 petition if he satisfies the Seventh Circuit's stringent requirements for equitable

4

tolling in habeas cases.

Equitable tolling "excuses a[n] [un]timely filing when the plaintiff could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001), *overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001). Equitable tolling "is granted sparingly" and must be based on "extraordinary circumstances." *Id.* We should note that the Seventh Circuit has declined to rule on the extent to which equitable tolling is applicable to Section 2255 petitions "given the express tolling provisions incorporated in the statute." *Id.* Nonetheless, this determination is unnecessary for purposes of Paschal's petition because he clearly does not meet the standards for equitable tolling.

The factual scenario presented in *Montenegro* illustrates why equitable tolling is unavailable in this case. In that case, the petitioner filed a Section 2255 motion after the one year statute of limitations had expired. 248 F.3d at 594. Montenegro argued equitable tolling was appropriate in his case because he had been unaware that his attorney had neglected to file a timely appeal. *Id.* Among the excuses the petitioner used to convince the court that equitable tolling should apply were: he never got a response from his attorney requesting information about his appeal; he was unable to understand the docket sheet he received because of a language barrier; he was never consulted on the possibility of an appeal; and he had limited education and a lack of knowledge of the U.S. legal system. *Id.* Additionally, and perhaps most relevant to Paschal's request for equitable tolling, Montenegro also argued that the statute should be tolled because he had been transferred from one prison to another. *Id.* In assessing all of these factors, including the prison transfer argument, the Seventh Circuit determined that "[t]hese do no

constitute the kind of extraordinary circumstances that justify equitable tolling . . . ." *Id.*

In this case, Paschal's primary argument in support of equitable tolling is that he could not file his petition in time because he had been sent to California on a state court writ and he was not permitted to take his federal habeas materials with him. This excuse cannot rise to the level of an extraordinary circumstance justifying equitable tolling. Not only does this excuse violate the Seventh Circuit's holding in *Montenegro*, but public policy and congressional intent also militate against permitting equitable tolling here. The transfer of prisoners between and within this country's penal systems is an all too common occurrence. Couple this fact with Congress' unambiguous statement that habeas petitions <u>must</u> be filed within one year of a conviction becoming final (except for the four statutory exceptions), and it becomes vividly clear that the inconvenience associated with a prisoner's transfer to another jail is not so extraordinary as to warrant the tolling of the one year statute of limitations. Accordingly, we find that Paschal's untimely Section 2255 petition is not subject to equitable tolling. The government's motion to dismiss Counts I through III of the petition is granted. Those claims are hereby dismissed.

That having been said, however, we are not yet finished with this case. In Count IV of his petition, Paschal has essentially challenged the "subject matter jurisdiction" of this Court to consider his plea agreement and sentence him under it. Specifically, he has argued that we lack jurisdiction because his trial counsel inappropriately entered into a stipulation with the government which stated that the bank he robbed was insured by the Federal Deposit Insurance Corporation ("FDIC"). Robbing a bank insured by the FDIC is one of the interstate commerce elements that must be established before this Court can exert "jurisdiction" over the case. *See* 18

U.S.C. § 2113(a). In other words, he argues that if the bank had not been insured by the FDIC, then the jurisdictional nexus would have been missing, thus concluding that there was no federal crime. In response to this argument, the government asserts in its motion to dismiss that, like the other three counts in the Section 2255 petition, this claim is also procedurally defaulted because it was not filed within the one year statute of limitations.

Assuming for the moment that the fact of FDIC insurance is indeed necessary for us to have subject matter jurisdiction over this case, then Paschal could assert his challenge to our jurisdiction in his Section 2255 petition despite his guilty plea and the one year statute of limitations. As Paschal correctly notes in his petition, the Seventh Circuit has ruled that "there is no barrier to a court's examination, on a § 2255 motion, of the propriety of its original exercise of jurisdiction. Rather a court is under an affirmative obligation to so inquire." *Kelly v. United States*, 29 F.3d 1107, 1113 (7th Cir. 1994). A jurisdictional challenge can be raised at any point during the proceedings. On this same point, the court also stated that "[b]ecause a jurisdictional defect cannot be procedurally defaulted in the first place, it is therefore a *non sequitur* to suggest that a procedural default cannot be overcome because the defendant has not made an adequate showing of 'cause.'" *Id.* Therefore, because Paschal has framed his FDIC insurance argument as an attack on our jurisdiction, we will address the substance of that argument and not simply dismiss it as barred by the statute of limitations.

However, having us address the merits of this "jurisdictional" argument does not mean Paschal should be encouraged. The Seventh Circuit has addressed this same issue and determined that what Paschal has labeled an issue of "subject matter jurisdiction" is, in fact, a misnomer. In *Hugi v. United States*, 164 F.3d 378, 380-81 (7th Cir. 1999), the petitioner filed a

7

Section 2255 petition, after he pled guilty, in which he claimed that his attorney had been ineffective for failing to challenge the "jurisdictional" element of use of the interstate wires. In response to this argument, the court analyzed the nature of subject matter jurisdiction in criminal cases. "Lawyers and judges sometimes refer to the interstate commerce element that appears in many federal crimes as the 'jurisdictional element,' but this is a colloquialism – or perhaps a demonstration that the word 'jurisdiction' has so many different uses that confusion ensues." *Id.* at 381 (citing *Kanar v. United States*, 118 F.3d 527, 529-30 (7th Cir. 1997)). "[T]he nexus with interstate commerce, which courts frequently call the 'jurisdictional element,' is simply one of the essential elements of [the offense]. Although courts frequently call it the 'jurisdictional element' of the statute, it is 'jurisdictional' only in the shorthand sense that without that nexus, there can be no federal crime . . . . It is not jurisdictional in the sense that it affects a court's subject matter jurisdiction, . . . ." *Id.* Thus, while "[a] link to interstate commerce may be essential to Congress' substantive authority, *see United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624 (1995), . . . the existence of regulatory power differs from the subject-matter jurisdiction of the courts." *Id.* at 380-81. The "subject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry." *Id.* at 381 (quoting *United States v. Martin*, 147 F.3d 529 (7th Cir. 1998)). And "once a defendant pleads guilty in a court which has jurisdiction of the subject matter and of the defendant, as did the court in the instant case, the court's judgment cannot be assailed on grounds that the government has not met its burden of proving 'so-called jurisdictional facts.'" *Id.* (internal quotations omitted). "Even if the government fails to establish

the connection to interstate commerce, the district court is not deprived of jurisdiction to hear the case." *Id.* (quoting *Martin*, 147 F.3d at 532).

This analysis is fatal to Paschal's "jurisdictional" argument. As in *Hugi*, Paschal has asserted that his counsel was ineffective for entering into an agreement stipulating to the interstate commerce element of the crime (in *Hugi*, the stipulation was to the use of the interstate wires and, in this case, the stipulation involved FDIC insurance). However, the Seventh Circuit's holding in *Hugi* makes it clear that the interstate commerce element does not, in fact, confer subject matter jurisdiction on this Court. Rather, 18 U.S.C. § 3231 performs that task. Proof that the bank Paschal robbed was FDIC insured is simply one of a number of elements that must be either proved by the government at trial or agreed to by the parties in a plea bargain.

Once it becomes clear that proof of FDIC insurance does not implicate our subject matter jurisdiction, the remainder of Paschal's Section 2255 petition begins to fall apart. The Seventh Circuit has stated that "a plea of guilty constitutes waiver of non-jurisdictional defects occurring prior to the plea." *United States v. Adams*, 125 F.3d 586, 588 (7th Cir. 1997). Therefore, Paschal can challenge his sentence only with respect to the validity of his plea or the jurisdiction of the this Court. As we have determined above, Paschal's FDIC insurance argument does not truly constitute a challenge to our subject matter jurisdiction in this case. Further, though Paschal does not mount an explicit attack on the validity of his plea, any such challenge would be frivolous. We specifically determined during our Rule 11 plea colloquy with Paschal that he was competent to enter the plea, that he had assistance of counsel, and that he understood his rights and the nature of the charges against him. We also found that the plea was knowing and voluntary. Therefore, since the written plea agreement contained an explicit clause "waiving all

9

appellate issues that might have been available if he had exercised his right to trial," any constitutional claims remaining in Count IV of the Section 2255 petition are hereby waived. (Plea Agreement at ¶ 11.) *See United States v. Wooley*, 123 F.3d 627, 631 (7th Cir. 1997) (upholding valid appeal waivers and dismissing appeals brought by defendants bound by such waivers).

## CONCLUSION

For the following reasons, the petitioner's motion for an extension of time to file his petition to vacate, set-aside or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. Accordingly, the government's motion to dismiss Counts I through III of the of petition is granted. Count IV of the Section 2255 petition is denied based on the principles of waiver. This case is terminated. This is a final and appealable order.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: April 29, 2003